**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE CINCINNATI SPECIALTY** ) | |
| **UNDERWRITERS** ) | |
| **INSURANCE COMPANY,** ) | |
|    6200 S. Gilmore Road ) | |
|    Fairfield, OH 45014-5141 ) | **CIVIL ACTION** |
| ) | |
|               **Plaintiff,** ) | **No.** |
|     **v.** ) | |
| ) | |
| **PIP PROPERTY MANAGEMENT, LLC d/b/a** ) | |
| **Princeton International Properties, Inc.** ) | **JURY TRIAL DEMANDED** |
|    1133 E. Columbia Avenue, Suite 101 ) | |
|    Philadelphia, PA 19125 ) | |
| ) | |
| **JBMP REAL ESTATE GROUP, LLC d/b/a** ) | |
| **JBMP GROUP** ) | |
|    1133 E. Columbia Avenue, Suite 101 ) | |
|    Philadelphia, PA 19125 ) | |
| ) | |
| **15TH STREET LIGHTHOUSE LP** ) | |
|    1010 Hancock Street ) | |
|    Philadelphia, PA 19123 ) | |
| ) | |
|    and ) | |
| ) | |
| **CTW INTERNATIONAL HOLDING, LLC** ) | |
|    1330 North 15th Street, Unit D ) | |
|    Philadelphia, PA 19121 | |

**Defendants.**

# <u>COMPLAINT</u>

Plaintiff The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), by

and through its undersigned counsel, hereby files this Complaint seeking declaratory and other

relief, and avers as follows:

## INTRODUCTION

1.      Cincinnati files this Complaint seeking, among other things, a declaration that it has no duty to defend or indemnify any of the Defendants named herein and also in an underlying lawsuit captioned *Alba, et al. v. 15th Street Lighthouse, L.P., et al.*, pending in the Court of Common Pleas of Philadelphia County, PA, May 2023 Term No. 01890 (the "Underlying Action").

2.      In the Underlying Action, the underlying plaintiffs ("Claimants") aver that:

> In the early morning hours of November 11, 2022, two masked intruders entered through a broken gate at the premises of 1330 North 15th Street, Philadelphia, Pennsylvania and proceeded to invade an apartment where eleven Temple University students slept. The eleven young students were held hostage at gunpoint for over an hour and a half. As a result of Defendants' negligent maintenance, operation, ownership, and construction of the premises, Plaintiffs have suffered and will in the future continue to suffer anxiety attacks, panic attacks, fear, anger, shock, depression, shame, guilt, nightmares, difficulty sleeping, and emotional and psychological injures derived from this horrific experience. The emotional distress will have long lasting implications on Plaintiffs' quality and enjoyment of life.

3.      Based on these allegations, and the others detailed in the Complaint in the Underlying Action, the Claimants assert a single Count for Negligence against the four defendants, 15th Street Lighthouse, LP, CTW International Holding, LLC, JBMP Real Estate Group, LLC d/b/a JBMP Group, and PIP Property Management, LLC d/b/a Princeton International Properties, Inc. (collectively, "Defendants").

4.      Cincinnati has offered to defend Defendants, subject to a reservation of rights.

5.      Among other things, Cincinnati has reserved its right to deny coverage (including both defense and indemnity), withdraw from the defense, and seek reimbursement of all defense costs (pursuant to a Pennsylvania Defense Cost endorsement in its insurance policy).

26319247v1

6.      The Cincinnati policy at issue (the "Cincinnati Policy" or "Policy") contains an Assault or Battery exclusion endorsement (form CSGA 301 02 21) (discussed below) that precludes any possibility of coverage for the claims and damages asserted against Defendants in the Underlying Action.

7.      For this and the other reasons noted below, Cincinnati does not owe coverage to Defendants for the Underlying Action.

8.      Cincinnati thus asks this Court to declare that Cincinnati has no duty to defend or indemnify any of the Defendants in the Underlying Action and thus that Cincinnati may both withdraw its defense of Defendants and receive reimbursement from Defendants of all defense fees and costs incurred by Cincinnati in providing them a defense in the Underlying Action.

## PARTIES

9.      Cincinnati is a citizen of Delaware and Ohio – being a corporation organized and existing under the laws of the state of Delaware and which has its principal place of business at 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141.

10.     Upon information and belief, defendant PIP Property Management, LLC d/b/a Princeton International Properties, Inc. ("PIP") is a citizen of New Jersey and Pennsylvania – being a limited liability company organized and existing under the laws of the State of New Jersey and which has its principal place of business at 1133 E. Columbia Avenue, Suite 101, Philadelphia, PA 19125.

11.     Upon information and belief, no member of PIP is a citizen of Delaware or Ohio.

12.     Upon information and belief, defendant JBMP Real Estate Group, LLC d/b/a JBMP Group ("JBMP") is a citizen of Pennsylvania – being a limited liability company organized and existing under the laws of existing under the laws of the Commonwealth of

Pennsylvania and which has its principal place of business at 1133 E. Columbia Avenue, Suite 101, Philadelphia, PA 19125.

13.     Upon information and belief, no member of JBMP is a citizen of Delaware or Ohio.

14.     Upon information and belief, defendant 15th Street Lighthouse LP ("15th Street") is a citizen of Pennsylvania – being a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania and which has its principal place of business at 1010 Hancock Street, Philadelphia, PA 19123.

15.     Upon information and belief, no member of 15th Street is a citizen of Delaware or Ohio.

16.     Upon information and belief, defendant CTW International Holding, LLC ("CTW") is a citizen of Pennsylvania – being a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania and which has its principal place of business at 1330 North 15th Street, Unit D, Philadelphia, PA 19121.

17.     Upon information and belief, no member of CTW is a citizen of Delaware or Ohio.

## JURISDICTION AND VENUE

18.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

19.     This Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under 28 U.S.C. § 1332.

20.     The citizenship of the parties is diverse.

21.     The amount in controversy exceeds $75,000 (exclusive of interest and costs), as set forth herein – as the amount of the Cincinnati Policy limits at issue exceed this amount.

26319247v1

22.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania because the insurance contract at issue in this action was entered into in the Eastern District of Pennsylvania.

23.     This Court also has jurisdiction over this matter pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201(a), because this matter presents a case of actual controversy and seeks an order declaring the rights and other legal relations of the parties to this action.

24.     A case of actual controversy is presented here because Cincinnati is defending Defendants under a reservation of rights, has asked Defendants to withdraw its defense, and to date none of the Defendants have so agreed.

## **THE POLICY**

25.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

26.     Cincinnati issued an insurance policy to first named insured, RM Development Partners ("RM"), providing certain commercial general liability coverage, and bearing policy number CSU0170364, initially for the period effective June 15, 2022 to June 15, 2023 (the "Policy").

27.     A true and correct copy of the relevant portion of the Policy (with certain financial information redacted) is attached hereto as "Exhibit 1".

28.     The Policy was cancelled effective November 15, 2022.  *See* Ex. 1 at 2022 POLICY 000089.

29.     Subject to the terms, conditions and exclusions in the Policy, the Policy provides certain coverage subject to a $1,000,000 each occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products-completed operations aggregate limit.

30.     Coverage under the Policy is also subject to a $2,500.00 per occurrence deductible applicable to bodily injury liability and/or property damage liability combined.  *See* Ex. 1 at 2022 POLICY 000055.

31.     Defense costs and expenses are subject to the deductible.

32.     The Policy contains a Named Insured Schedule that includes "15th St Lighthouse, LLC" as a named insured to the Policy.  *See* Ex. 1 at 2022 POLICY 000003.

33.     Upon information and belief, 15th Street Lighthouse, LLC does not exist and did not exist at the time the Cincinnati Policy was issued.

34.     Neither "15th Street Lighthouse, LP", "CTW International Holding, LLC", "JBMP Real Estate Group, LLC d/b/a/ JBMP Group" nor "PIP Property Management, LLC d/b/a Princeton International Properties, Inc." are listed as a named insured to the Policy.

35.     Nonetheless, Cincinnati has agreed to recognize 15th Street Lighthouse, LP as a Named Insured – in place of the non-existent 15th Street Lighthouse, LLC.

36.     The Policy defines "Insured," in pertinent part, as:

    **1.**     If you are designated in the Declarations as:

* * * *

    **b.**     A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.**     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.**     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors.

6

> Your stockholders are also insureds, but only with respect to their liability as stockholders.

*See* Ex. 1 at 2022 POLICY 000040.

37.    The Policy further provides that:

> **2.**    Each of the following is also an insured:
>
> \* \* \* \*
>
> **b.**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

*See* Ex. 1 at 2022 POLICY 000040.

38.    Upon information and belief, PIP was the real estate manager for 15th Street on the day of the incident.

39.    Upon information and belief, neither CTW nor JBMP were a real estate manager for any Named Insured.

40.    The Policy provides certain Commercial General Liability Coverage pursuant to Policy Form CG 00 01 04 13.  *See* Ex. 1 at 2022 POLICY 000031.

41.    The Insuring Agreement for Coverage 1.A – Bodily Injury and Property Damage Liability provides, in pertinent part, as follows:

> **1.**    **Insuring Agreement**
>
> **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any occurrence and settle any claim or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

    **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

*See* Ex. 1 at 2022 POLICY 000031.

42.    Upon information and belief, CTW International is a member of 15th Street Lighthouse, LP.

43.    The Policy's liability coverage further provides, in part, that:

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

*    *    *    *

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

*    *    *    *

*See* Ex. 1 at 2022 POLICY 000031.

44.    The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Ex. 1 at 2022 POLICY 000045.

45.    The Policy defines "property damage," in relevant part, as:

    **17.**    "Property damage" means:

8

    **a.**     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See* Ex. 1 at 2022 POLICY 000046.

46.    The Policy contains three Additional Insured – Managers or Lessors of Premises endorsements, which include "JBMP Group", "PIP Property Management", and "PIP Property Management LLC" as additional insureds under the following circumstances:

    **A.**    **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by you or those acting on your behalf in connection with the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:

    **1.**     Any "occurrence" after you cease to be a tenant in that premises.

    **2.**     Structural alterations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

However,

    **1.**     The insurance afforded to such additional insured only applies to the extent permitted by law; and

    **2.**     If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the

contract or agreement to provide for such additional insured.

**B.** With respect to the insured afforded to these additional insureds, the following is added to **Section III – Limits of Insurance**:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or

**2.** Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

*See* Ex. 1 at 2022 POLICY 000079, 195-196.

47.     The Policy contains an exclusion for liability arising from "bodily injury", "property damage" or "personal and advertising injury" that arises out of an actual, threatened, or alleged assault or battery (the "Assault or Battery Exclusion").

48.     The Assault or Battery Exclusion states:

A.     The following exclusion is added to Paragraph **2.**, Exclusions of **SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2.**, Exclusions of **SECTION I - COVERAGES, COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**:

**Assault Or Battery**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" that in anyway, in whole or in part, arises out of an actual, threatened or alleged:

**1.** Assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person;

**2.**     Failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or

**3.**     Failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or failure to warn of the dangers of the environment that could contribute to assault or battery; or

**4.**     Failure to render or secure medical treatment or care necessitated by any assault or battery; or

**5.**     Negligent investigation or reporting or failure to report any assault or battery to proper authorities; or

**6.**     Negligent:

    **a.**     Employment;

    **b.**     Supervision;

    **c.**     Training;

    **d.**     Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the **Assault Or Battery** exclusion above.

**B.**     For the purpose of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault.

**C.**     Exclusion **2.a.** of **SECTION I -COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is deleted in its entirety and replaced by the following:

**2. a.**     Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

*See* Ex. 1 at 2022 POLICY 000081.

49.     The Policy also contains an exclusion for liability arising from "bodily injury", "property damage" or "personal and advertising injury" that is caused by or arises out of certain habitational issues (the "Habitational Exclusion").

50.     The Habitational Exclusion states:

> A.     The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" caused by or arising out of:
>
> 1.     Any actual or alleged violation of any building code, ordinance or statute;
>
> 2.     Any actual or alleged wrongful eviction;
>
> 3.     Any actual or alleged discrimination; or
>
> 4.     Any intrusion, infiltration, discharge, leakage, seepage, backup or overflow of any water or moisture from any sewer, main, drain, pipe, plumbing system, heating system, refrigeration system, air conditioning system, appliance, sprinkler system, ditch, stream, river or levee. This includes any water or moisture that enters the interior of a building by any means or method.

*See* Ex. 1 at 2022 POLICY 00070.

51.     Further, the Policy contains a Punitive Or Exemplary Damages Exclusion, which applies to both Coverage A and Coverage B and states that the insurance does not apply to:

> B.     Any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law

12

> provides for statutory multiple damage awards, we will pay
> only the amount of the award before the multiplier is
> added.

*See* Ex. 1 at 2022 POLICY 000051.

52.     The Policy also contains a provision permitting Cincinnati to seek reimbursement for defense costs Cincinnati incurs on behalf of an insured in the event it is determined that none of the claims in the Underlying Action are covered.

53.     The defense cost reimbursement provision states:

> **A.**     If we initially defend an insured ("insured") or pay for an
> insured's ("insured's") defense but later determine that none
> of the claims ("claims"), for which we provided a defense
> or defense costs, are covered under this insurance, we have
> the right to reimbursement for the defense costs we have
> incurred.
>
> The right to reimbursement under this provision will only
> apply to the costs we have incurred after we notify you in
> writing that there may not be coverage and that we are
> reserving our rights to terminate the defense or the payment
> of defense costs and to seek reimbursement for defense
> costs.

*See* Ex. 1 at 2022 POLICY 000054.

## **THE UNDERLYING ACTION**

54.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

55.     On or about May 17, 2023, Kline & Specter P.C. firm filed a Complaint on behalf of eleven plaintiffs in the Philadelphia County, Pennsylvania Court of Common Pleas (the "Underlying Action").

56.     A true and correct copy of the Complaint in the Underlying Action is attached hereto as "Exhibit 2".

57.     The plaintiffs to the Underlying Action are Isabella Alba, Morgan Black, Nina Carsello, Autumn Dinenna, Dylan Giandonato, Kaelin Iwugo, Emma Janoszczyk, Josie Lemon, Jake Ridall, Helen Tormollan and Myla Vetterlein (collectively, "Plaintiffs").  *See* Ex. 2 at ¶¶ 1-22.

58.     As stated in the Complaint,

> In the early morning hours of November 11, 2022, two masked intruders entered through a broken gate at the premises of 1330 North 15th Street, Philadelphia, Pennsylvania and proceeded to invade an apartment where eleven Temple University students slept. The eleven young students were held hostage at gunpoint for over an hour and a half. As a result of Defendants' negligent maintenance, operation, ownership, and construction of the premises, Plaintiffs have suffered and will in the future continue to suffer anxiety attacks, panic attacks, fear, anger, shock, depression, shame, guilt, nightmares, difficulty sleeping, and emotional and psychological injures derived from this horrific experience. The emotional distress will have long lasting implications on Plaintiffs' quality and enjoyment of life.

Ex. 2 at **INTRODUCTION**.

59.     Based on these allegations, and the others detailed in the Complaint, the Plaintiffs assert a single Count for Negligence against the four Defendants.

60.     Each of the Defendants is alleged to have owned, operated, leased, managed and/or controlled the premises located at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121 (the "Premises").  Ex. 2 at ¶ 31.

61.     Specifically, the Complaint alleges:

35.     Defendants' property is comprised of about 7 apartment-style townhomes, accessible from the street through a gate.

36.     The gate leads to an alleyway, perpendicular to the street, which allows access to the front doors of each unit.

37.     The alleyway is poorly lit, to the extent that it is pitch black during the nighttime and early morning hours, providing ideal cover for intruders and trespassers who seek entry into tenants' homes therein.

* * *

62.     For almost a year-and-a-half, the gate could easily be accessed by anyone from the street without an access code by simply pulling the handle and walking in.

63.     The problems with the gate persisted despite requests that repairs be made to the gate.

64.     Defendants provided assurances that they would repair the gate, but ultimately failed to do so.

65.     The broken gate, poorly lit alleyway, and unlocked kitchen window which can be easily opened from the outside created the perfect opportunity for intruders and trespassers to access the apartment units therein.

62.     The Complaint alleges, in detail, how the two intruders gained access to the Premises, what the intruders did while on the premises, and what damages/injuries the Plaintiffs allege.  Ex. 2 at **THE HOME INVASION**.

63.     The Complaint alleges:

66.     Defendants' property is comprised of about 7 apartment-style townhomes, accessible from the street through a gate.

67.     The intruders held the eleven Plaintiffs hostage at gun and knife point for over an hour and a half while they demanded money, cell phones, debit and credit cards, laptops, and car keys.

* * * *

118.    The armed intruders ordered each young woman to the front of the room, one-by-one. One intruder stood over their shoulder and pointed the gun at the nape of their necks and monitored as they logged out of their accounts.

* * * *

123.    The armed intruders threatened violence and made threats to kill Plaintiffs if they misbehaved.

64.     The Complaint further alleges that "[p]rior to this home invasion robbery, Defendants were aware that the gate to their property was not functional yet failed to repair the gate, instead allowing the gate to remain in disrepair."  Ex. 2 at ¶ 145.

15

65.     As to damages, the Complaint alleges that "[t]he intruders held the eleven Plaintiffs hostage at gun and knife point for over an hour and a half while they demanded money, cell phones, debit and credit cards, laptops, and car keys."  Ex. 2 at ¶ 69.

66.     The Complaint also avers that "[a]s a direct and proximate result of the negligence of all Defendants, jointly and severally, and their agents, servants and/or employees who were responsible for providing property management services, leasing services, development services, and/or repair services on or before November 11, 2022, Plaintiffs suffered injuries and will in the future suffer injuries including the following: a) anxiety; b) panic attacks; c) humiliation; d) extreme fear; e) shock; f) depression; g) shame; h) guilt; i) anger; j) nightmares; k) flashbacks; 1) sleep disturbances; m) hypervigilance; n) inability to concentrate; o) pain and suffering; p) mental anguish; q) loss of enjoyment of life's pleasures; and r) emotional and psychological trauma."  Ex. 2 at ¶ 146.

67.     For relief, the Plaintiffs seek "damages against all Defendants, jointly and severally, for sums in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post judgment interest, and costs."  Ex. 2 at **COUNT I.**

## THE CLAIMS FOR COVERAGE

68.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

69.     By letter dated June 6, 2023 from Mark Goodheart, Esq. addressed to The Plexus Group, LLC, Mr. Goodheart tendered the defense of his clients, PIP and JBMP, to both 15th Street and its general liability insurer, which was not named in that letter (the "Tender Letter").

70.     A true and correct copy of the relevant portion of the Tender Letter is attached hereto as "Exhibit 3".

26319247v1

71.     Mr. Goodheart stated that "PIP is the manager for the Property pursuant to a Real Property Management Agreement dated August 19, 2021. JBMP is the Broker for the Property pursuant to a Listing Agreement dated August 17, 2021. My understanding is that Plexus is the broker for Lighthouse and has secured its general liability and property coverage for this Property." *See* Ex. 3.

72.     Mr. Goodheart further claimed that "[p]ursuant to the Real Property Management Agreement and Listing Agreement, Lighthouse has a contractual obligation to provide complete defense and indemnity for both PIP and JBMP. A copy of these agreements is enclosed as well. Please reference paragraphs 10(B) and 3(C) respectively. Accordingly, I am providing notice of this lawsuit and tendering defense and indemnity to Lighthouse on behalf of PIP and JBMP." *See* Ex. 3.

73.     Since receiving that letter, Cincinnati agreed to defend all four Defendants in the Underlying Action pursuant to a reservation of rights.

74.     Cincinnati offered to defend 15th Street and CTW using one law firm, and offered to defend PIP and JBMP using a second, different law firm.

75.     A copy of the reservation of rights letters sent by Cincinnati are attached hereto as "Exhibit 4", "Exhibit 5", "Exhibit 6" and "Exhibit 7".

## COUNT I
### *Against All Defendants*
### For Declaratory Judgment That Cincinnati Has No Duty To Defend

76.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

26319247v1

77.     For the reasons set forth herein, an actual, justiciable controversy exists between the parties concerning their respective rights and obligations, if any, under the Policy with respect to the Underlying Action.

78.     Specifically, there is a dispute between Cincinnati and PIP, JBMP, 15th Street and CTW regarding Cincinnati's obligation, if any, to provide a defense for PIP, JBMP, 15th Street and CTW in connection with the allegations against them in the Underlying Action.

79.     Upon information and belief, PIP, JBMP, 15th Street and CTW believe that they are entitled to a defense from Cincinnati for the claims asserted against them in the Underlying Action.

80.     Cincinnati disputes that the Policy obligates it to defend PIP, JBMP, 15th Street and CTW in the Underlying Action.

81.     Cincinnati seeks a declaration that it has no duty to defend PIP, JBMP, 15th Street and CTW in the Underlying Action.

82.     Cincinnati seeks a declaration that it may therefore withdraw the defense of PIP, JBMP, 15th Street and CTW that Cincinnati is currently providing – under reservation of rights – in the Underlying Action.

83.     Pursuant to 28 U.S.C. § 2201, Cincinnati is entitled to a judicial determination concerning the scope and nature of its rights and other legal relations and obligations, if any, under the Policy with respect to the Underlying Action.

84.     Specifically, Cincinnati seeks a judicial determination that the Assault or Battery Exclusion applies to bar coverage for PIP, JBMP, 15th Street and CTW for the allegations in the Underlying Action.  *See* Ex. 1 at 2022 POLICY 000081.

26319247v1

85.    The allegations against PIP, JBMP, 15th Street and CTW in the Underlying Action all arise out of, in whole or in part, an actual, threatened or alleged assault or battery.  *See* Ex. 1 at 2022 POLICY 000081.

86.    Each of the plaintiffs in the Underlying Action alleges injury arising out of, in whole or in part, an actual, threatened or alleged assault or battery – and which otherwise falls within the terms of the Assault or Battery Exclusion.

87.    Pursuant to the Assault or Battery Exclusion, the Policy does not cover the claims against PIP, JBMP, 15th Street and CTW in the Underlying Action.

88.    Further, upon information and belief, the damages alleged in the Underlying Action are caused by or arise from any actual or alleged violation of a building code, ordinance, or statute.  *See* Ex. 1 at 2022 POLICY 00070.

89.    Pursuant to the Habitational Exclusion, the Policy does not cover the claims against PIP, JBMP, 15th Street and CTW in the Underlying Action.

90.    Under the terms, provisions, definitions, exclusions, conditions, and limitations of the Policy, Cincinnati therefore has no duty to defend PIP, JBMP, 15th Street and CTW in connection with the Underlying Action.

91.    Accordingly, Cincinnati is entitled to a declaration pursuant to 28 U.S.C. § 2201 that: (1) Cincinnati has no duty to defend PIP, JBMP, 15th Street and CTW in the Underlying Action; (2) Cincinnati has no coverage obligation to PIP, JBMP, 15th Street and CTW in connection with the Underlying Action; and (3) Cincinnati may withdraw the defense it is currently providing to PIP, JBMP, 15th Street and CTW in the Underlying Action.

**WHEREFORE**, Plaintiff The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") respectfully requests that the Court enter an Order:

26319247v1

(a)     Declaring that Cincinnati has no duty to defend PIP, JBMP, 15th Street and CTW in the Underlying Action;

(b)     Declaring that Cincinnati may withdraw from the defense of PIP, JBMP, 15th Street and CTW in the Underlying Action; and

(c)     Granting Cincinnati such other and further relief as may be necessary and appropriate under the circumstances.

## COUNT II
### *Against All Defendants*
**For Declaratory Judgment That Cincinnati Has No Duty To Indemnify**

92.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

93.     For the reasons set forth above, there are no claims asserted against PIP, JBMP, 15th Street and CTW in the Underlying Action that are potentially covered under the Policy.

94.     Under the terms, provisions, definitions, exclusions, conditions, and limitations of the Policy, Cincinnati therefore has no duty to indemnify PIP, JBMP, 15th Street and CTW for any of the claims in the Underlying Action.

95.     Accordingly, Cincinnati is entitled to a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to indemnify PIP, JBMP, 15th Street and CTW in connection with any judgment or settlement in the Underlying Action.

**WHEREFORE**, Plaintiff The Cincinnati Specialty Underwriters Insurance Company respectfully requests that the Court enter an Order:

(a)     Declaring that Cincinnati has no duty to indemnify PIP, JBMP, 15th Street and CTW for any judgment or settlement in the Underlying Action; and

(b)     Granting Cincinnati such other and further relief as may be necessary and appropriate under the circumstances.

26319247v1

**COUNT III**

*Against PIP, JBMP, 15th Street, and CTW*

**For Declaratory Judgment That Cincinnati Has No Duty To Indemnify Any Costs, Interest, Or Damages Attributable To Punitive Or Exemplary Damages In The Underlying Action**

96.     Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

97.     The Policy contains a Punitive Or Exemplary Damages Exclusion, which applies to both Coverage A and Coverage B, and states that the insurance does not apply to any claim of indemnification for punitive or exemplary damages.

98.     To the extent it is determined that Cincinnati has a duty to defend PIP, JBMP, 15th Street and/or CTW under the Policy, pursuant to the terms, provisions, definitions, exclusions, conditions, and limitations of the Policy, Cincinnati still would have no duty to indemnify PIP, JBMP, 15th Street and/or CTW for any costs, interest, or damages attributable to punitive or exemplary damages.

99.     Accordingly, Cincinnati is entitled to a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to indemnify PIP, JBMP, 15th Street and CTW in connection with any costs, interest, or damages attributable to punitive or exemplary damages in the Underlying Action.

**WHEREFORE**, Plaintiff The Cincinnati Specialty Underwriters Insurance Company respectfully requests that the Court enter an Order:

(a)     Declaring that Cincinnati has no duty to indemnify PIP, JBMP, 15th Street and CTW for any claim of indemnification for punitive or exemplary damages; and

(b)     Granting Cincinnati such other and further relief as may be necessary and appropriate under the circumstances.

26319247v1

**COUNT IV**
*Against All Defendants*
**For Reimbursement**

100. Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

101. Through its reservation of rights letters to PIP, JBMP, 15th Street and CTW, Cincinnati has set forth the serious coverage issues concerning the claims alleged in the Underlying Action and given each the opportunity to withdraw their tenders to Cincinnati. *See* Exs. 4-7.

102. To the extent it is determined that Cincinnati does not owe a defense to PIP, JBMP, CTW and/or 15th Street, pursuant to the reimbursement provision in the Policy, Cincinnati is entitled to seek recovery of the costs of defending PIP, JBMP, CTW and 15th Street in the Underlying Action from those defendants.

**WHEREFORE**, Plaintiff The Cincinnati Specialty Underwriters Insurance Company respectfully requests that the Court enter an Order:

(a) Declaring that PIP, JBMP, 15th Street and CTW must reimburse Cincinnati the costs that Cincinnati has incurred in defending PIP, JBMP, 15th Street and CTW in the Underlying Action; and

(b) Awarding Cincinnati reimbursement of the costs it has expended in defending PIP, JBMP, 15th Street and CTW in the Underlying Action from 15th Street.

**COUNT V**
*Against All Defendants (In The Alternative)*
**For Unjust Enrichment**

103. Cincinnati hereby restates and incorporates by reference the averments of the preceding Paragraphs, as though same were set forth at length herein.

104. In the alternative to seeking reimbursement of defense costs expended pursuant to the reimbursement provision in the Policy, to the extent it is determined that Cincinnati does not

26319247v1

owe a defense to PIP, JBMP, 15th Street and/or CTW in the Underlying Action, Cincinnati is entitled to seek recovery of the costs of defending PIP, JBMP, 15th Street and/or CTW in the Underlying Action pursuant to the doctrine of unjust enrichment.

105.    "The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched. Moreover, the most significant element of the doctrine is whether the enrichment of the defendant is unjust. The doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff." *Stoeckinger v. Presidential Fin. Corp. of Del. Valley*, 948 A.2d 828, 833 (Pa. Super. Ct. 2008) (quoting *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. Ct. 1993)).

106.    Each of the Defendants has received a benefit from Cincinnati (namely, the provision of a defense).

107.    For the reasons cited above, Cincinnati has and had no obligation to defend the Defendants in the Underlying Action.

108.    To date, the Defendants have refused to withdraw their tenders or otherwise agree that Cincinnati has no duty to defend – and Defendants have continued to accept the benefit of Cincinnati's providing them a defense.

109.    Defendants have been unjustly enriched on account of their acceptance of a defense from Cincinnati.

26319247v1

**WHEREFORE**, Plaintiff The Cincinnati Specialty Underwriters Insurance Company respectfully requests that the Court enter an Order:

      (a)    Declaring that PIP, JBMP, 15th Street and CTW have been unjustly enriched; and

      (b)    Awarding Cincinnati reimbursement of the defense costs it has expended in defending PIP, JBMP, 15th Street and CTW in the Underlying Action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  September 22, 2023             **POST & SCHELL, P.C.**

By:   */s/  Anthony L. Miscioscia*
       ANTHONY L. MISCIOSCIA, ESQ.
       PA ID NO. 69215
       Four Penn Center, 13th Floor
       1600 John F Kennedy Blvd.
       Philadelphia, PA  19103
       Phone:  215-587-1170
       Facsimile: 215-587-1444
       Email: amiscioscia@postschell.com
       *Attorneys for Plaintiff The Cincinnati Specialty Underwriters Insurance Company*

26319247v1