# EXHIBIT

# 2

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2023**
E-Filing Number: 2305041597

**01890**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ISABELLA ALBA | 15TH STREET LIGHTHOUSE LP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1330 NORTH 15TH STREET UNIT D<br>PHILADELPHIA PA 19121 | 1955 NORTH 18TH STREET<br>PHILADELPHIA PA 19121 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MORGAN BLACK | CTW INTERNATIONAL HOLDING, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1330 NORTH 15TH STREET, UNIT D<br>PHILADELPHIA PA 19121 | 1955 NORTH 18TH STREET<br>PHILADELPHIA PA 19121 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NINA CARSELLO | JBMP REAL ESTATE GROUP LLC, ALIAS: JBMP GROUP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1330 NORTH 15TH STREET, UNIT D<br>PHILADELPHIA PA 19121 | 1133 EAST COLUMBIA AVENUE SUITE 101<br>PHILADELPHIA PA 19125 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 11 | 4 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

MAY **17** 2023

**S. RICE**

IS CASE SUBJECT TO
COORDINATION ORDER?
  YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ISABELLA ALBA , MORGAN BLACK , NINA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS R. KLINE | KLINE & SPECTER<br>1525 LOCUST ST., 19TH FL.<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)772-1000 | (215)772-1359 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 28895 | tom.kline@klinespecter.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| THOMAS KLINE | Wednesday, May 17, 2023, 02:39 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF PLAINTIFFS:**

   1. ISABELLA ALBA
      1330 NORTH 15TH STREET UNIT D
      PHILADELPHIA PA 19121
   2. MORGAN BLACK
      1330 NORTH 15TH STREET, UNIT D
      PHILADELPHIA PA 19121
   3. NINA CARSELLO
      1330 NORTH 15TH STREET, UNIT D
      PHILADELPHIA PA 19121
   4. AUTUMN DINENNA
      1330 NORTH 15TH STREET, UNIT D
      PHILADELPHIA PA 19121
   5. DYLAN GIANDONATO
      1852 NORTH 17TH STREET
      PHILADELPHIA PA 19121
   6. KAELIN IWUGO
      1705 WEST MONTGOMERY AVENUE
      PHILADELPHIA PA 19121
   7. EMMA JANOSCZYK
      1805 NORTH BOUVIER STREET
      PHILADELPHIA PA 19121
   8. JOSIE LEMON
      1728 NORTH BOUVIER STREET
      PHILADELPHIA PA 19121
   9. JAKE RIDALL
      1852 NORTH 17TH STREET
      PHILADELPHIA PA 19121
   10. HELEN TORMOLLAN
      1330 NORTH 15TH STREET, UNIT D
      PHILADELPHIA PA 19121
   11. MYLA VETTERLEIN
      1330 NORTH 15TH STREET, UNIT D
      PHILADELPHIA PA 19121

**COMPLETE LIST OF DEFENDANTS:**

   1. 15TH STREET LIGHTHOUSE LP
      1955 NORTH 18TH STREET
      PHILADELPHIA PA 19121
   2. CTW INTERNATIONAL HOLDING, LLC
      1955 NORTH 18TH STREET
      PHILADELPHIA PA 19121
   3. JBMP REAL ESTATE GROUP LLC
      ALIAS: JBMP GROUP
      1133 EAST COLUMBIA AVENUE SUITE 101
      PHILADELPHIA PA 19125
   4. PIP PROPERTY MANAGEMENT, LLC
      ALIAS: PRINCETON INTERNATIONAL PROPERTIES
      4422 ROUTE 27
      PRINCETON NJ 08528

**KLINE & SPECTER, PC**
By:   THOMAS R. KLINE, ESQUIRE
       LORRAINE DONNELLY, ESQUIRE
       GRACE C. GRIMES, ESQUIRE
Attorney I.D. No.  28895/93352/332232
1525 Locust Street
Philadelphia, PA 19102
215-772-1000 / 215-792-5503 (facsimile)
tom.kline@klinespecter.com
lorraine.donnelly@klinespecter.com
grace.grimes@klinespecter.com

*Filed and Attested by the
Office of Judicial Records
17 MAY 2023 02:39 pm
S. RICE*

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **ISABELLA ALBA** | : | |
| 1330 North 15th Street | : | COURT OF COMMON PLEAS |
| Unit D | : | PHILADELPHIA COUNTY |
| Philadelphia PA 19121 | : | |
| and | : | |
| **MORGAN BLACK** | : | May Term, 2023 |
| 1330 North 15th Street | : | |
| Unit D | : | NO: |
| Philadelphia PA 19121 | : | |
| and | : | |
| **NINA CARSELLO** | : | |
| 1330 North 15th Street | : | **JURY TRIAL DEMANDED** |
| Unit D | : | |
| Philadelphia PA 19121 | : | |
| and | : | |
| **AUTUMN DINENNA** | : | NOTICE TO DEFEND AND COMPLAINT |
| 1330 North 15th Street | : | |
| Unit D | : | |
| Philadelphia PA 19121 | : | |
| and | : | |
| **DYLAN GIANDONATO** | : | |
| 1852 North 17th Street | : | |
| Philadelphia PA 19121 | : | |
| and | : | |
| **KAELIN IWUGO** | : | |
| 1705 West Montgomery Avenue | : | |
| Philadelphia PA 19121 | : | |
| and | : | |
| **EMMA JANOSCZYK** | : | |
| 1805 North Bouvier Street | : | |
| Philadelphia PA 19121 | : | |
| and | : | |
| | : | |

Case ID: 230501890

**JOSIE LEMON**                                           :
1728 North Bouvier Street                                 :
Philadelphia PA19121                                      :
       and              :
**JAKE RIDALL**                                           :
1852 North 17th Street                                    :
Philadelphia PA 19121                                     :
       and              :
**HELEN TORMOLLAN**                                       :
1330 North 15th Street                                    :
Unit D                                                    :
Philadelphia PA 19121                                     :
       and              :
**MYLA VETTERLEIN**                                       :
1330 North 15th Street                                    :
Unit D                                                    :
Philadelphia PA 19121                                     :
                                                          :
       *Plaintiffs*     :
                                                          :
       v.               :
                                                          :
**15th STREET LIGHTHOUSE LP**                             :
1955 North 18th Street                                    :
Philadelphia PA 19121                                     :
       and              :
**CTW INTERNATIONAL**                                     :
**HOLDING, LLC**                                          :
1955 North 18th Street                                    :
Philadelphia PA 19121                                     :
       and              :
**JBMP REAL ESTATE GROUP LLC**                            :
**d/b/a/ JBMP GROUP**                                     :
1133 East Columbia Avenue Suite 101                       :
Philadelphia PA 19125                                     :
       and              :
**PIP PROPERTY MANAGEMENT,**                              :
**LLC d/b/a/ PRINCETON**                                  :
**INTERNATIONAL PROPERTIES**                              :
4422 Route 27                                             :
Princeton NJ 08528                                        :

       *Defendants.*

2

Case ID: 230501890

## NOTICE TO DEFEND

| NOTICE | ADVISO |
|---|---|

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer, go to or telephone the office set forth below to find out where you can get legal help.

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente, si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio, vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

3

Case ID: 230501890

**COMPLAINT**

Plaintiffs, Isabella Alba, Morgan Black, Nina Carsello, Autumn Dinenna, Dylan Giandonato, Kaelin Iwugo, Emma Janosczyk, Josie Lemon, Jake Ridall, Helen Tormollan and Myla Vetterlein, by and through their undersigned counsel, Kline & Specter P.C., hereby demand damages of the above captioned Defendants, jointly and severally, for sums in excess of local arbitration limits, exclusive of interests, costs and damages for prejudgment delay, upon the cause of action set forth below:

**INTRODUCTION**

In the early morning hours of November 11, 2022, two masked intruders entered through a broken gate at the premises of 1330 North 15th Street, Philadelphia, Pennsylvania and proceeded to invade an apartment where eleven Temple University students slept. The eleven young students were held hostage at gunpoint for over an hour and a half. As a result of Defendants' negligent maintenance, operation, ownership, and construction of the premises, Plaintiffs have suffered and will in the future continue to suffer anxiety attacks, panic attacks, fear, anger, shock, depression, shame, guilt, nightmares, difficulty sleeping, and emotional and psychological injures derived from this horrific experience. The emotional distress will have long lasting implications on Plaintiffs' quality and enjoyment of life.

**VENUE AND PARTIES**

1.      Plaintiff, Isabella Alba, is a 21-year-old student at Temple University.

2.      Isabella is a resident and citizen of the Commonwealth of Pennsylvania residing at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

3.      Plaintiff, Morgan Black, is a 21-year-old student at Temple University.

Case ID: 230501890

4.      Morgan is a resident and citizen of the Commonwealth of Pennsylvania residing at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

5.      Plaintiff, Nina Carsello, is a 22-year-old student at Temple University.

6.      Nina is a resident and citizen of the Commonwealth of Pennsylvania residing at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

7.      Plaintiff, Autumn Dinenna, is a 21-year-old student at Temple University.

8.      Autumn is a resident and citizen of the Commonwealth of Pennsylvania residing at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

9.      Plaintiff, Dylan Giandonato, is a 21-year-old student at Temple University.

10.      Dylan is a resident and citizen of the Commonwealth of Pennsylvania residing at 1852 North 17th Street, Philadelphia, Pennsylvania 19121.

11.      Plaintiff, Kaelin Iwugo, is a 21-year-old student at Temple University.

12.      Kaelin is a resident and citizen of the Commonwealth of Pennsylvania residing at 1705 West Montgomery Avenue, Philadelphia, Pennsylvania, 19121.

13.      Plaintiff, Emma Janosczyk, is a 21-year-old student at Temple University.

14.      Emma is a resident and citizen of the Commonwealth of Pennsylvania residing at 1805 North Bouvier Street, Philadelphia, Pennsylvania, 19121.

15.      Plaintiff, Josie Lemon, is a 20-year-old student at Temple University.

16.      Josie is a resident and citizen of the Commonwealth of Pennsylvania residing at 1728 North Bouvier Street, Philadelphia, Pennsylvania, 19121.

17.      Plaintiff, Jake Ridall, is a 20-year-old student at Temple University.

18.      Jake is a resident and citizen of the Commonwealth of Pennsylvania residing at 1852 North 17th Street, Philadelphia, Pennsylvania 19121.

Case ID: 230501890

19.     Plaintiff, Helen Tormollan, is a 22-year-old student at Temple University.

20.     Helen is a resident and citizen of the Commonwealth of Pennsylvania residing at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

21.     Plaintiff, Myla Vetterlein, is a 22-year-old student at Temple University.

22.     Myla is a resident and citizen of the Commonwealth of Pennsylvania residing at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

23.     Defendant, 15th Street Lighthouse, LP, is a limited partnership or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania with an office and/or principal place of business located at 1955 North 18th Street, Philadelphia, Pennsylvania 19121.

24.     At all relevant times hereto, 15th Street Lighthouse, LP owned, operated, leased, managed and/or controlled the premises located at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

25.     Defendant, CTW International Holding, LLC is a Pennsylvania company or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania with an office and/or principal place of business located at 1955 North 18th Street, Philadelphia, Pennsylvania 19121.

26.     At all times relevant hereto, Defendant CTW International Holding, LLC owned, operated, leased, managed and/or controlled the premises located at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

27.     Defendant, JBMP Real Estate Group, LLC d/b/a/ JBMP Group is a Pennsylvania company or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania with an office and/or principal place of business located at 1133 East Columbia Avenue, Suite 101, Philadelphia, Pennsylvania 19125.

Case ID: 230501890

28.     At all relevant times hereto, Defendant JBMP Real Estate Group, LLC (hereinafter "JBMP Group") owned, operated, leased, managed and/or controlled the premises located at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

29.     Defendant, PIP Property Management, LLC, d/b/a Princeton International Properties, Inc., (hereinafter "PIP") is a New Jersey company with an address located at 4422 Route 27, Princeton, New Jersey 08528 and a registered office at 1654 Ridge Avenue Suite 1, Philadelphia, Pennsylvania 19130.

30.     At all relevant times hereto, PIP owned, operated, leased, managed and/or controlled the premises located at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

31.     At all times relevant hereto, the Defendants, 15th Street Lighthouse, LP; CTW International Holding, LLC; JBMP Group; and PIP were the agents, brokers, servants, alter-egos, instrumentalities, and/or employees of one another, and collectively and/or through joint venture owned, operated, managed, and/or controlled the premises located at 1330 North 15th Street, Unit D, Philadelphia, Pennsylvania 19121.

32.     Venue is proper in the Philadelphia Court of Common Pleas as the cause of action arose in Philadelphia and one or more Defendants regularly conduct business in Philadelphia.

**OPERATIVE FACTS**

**A. THE PROPERTY**

33.     The paragraphs and allegations set forth above are fully incorporated by reference as though fully set forth herein.

34.     The 1330 North 15th Street property ("Defendants' property") is located in North Philadelphia just a few short blocks from Temple University's Main Campus.

7

Case ID: 230501890

35.     Defendants' property is comprised of about 7 apartment-style townhomes, accessible from the street through a gate.

36.     The gate leads to an alleyway, perpendicular to the street, which allows access to the front doors of each unit.

37.     The alleyway is poorly lit, to the extent that it is pitch black during the nighttime and early morning hours, providing ideal cover for intruders and trespassers who seek entry into tenants' homes therein.

38.     Plaintiffs, Isabella Alba, Morgan Black, Nina Carsello, Autumn Dinenna, Helen Tormollan, and Myla Vetterlein occupied Unit D of the property, towards the end of the dimly lit alleyway.

39.     When the apartment units were listed for rent, Defendants touted "gated access from the street, **24/7 secure access**, security monitors and private entrances for each unit."

40.     Defendants marketed to and/or solicited Temple students as tenants, stating in their property listing that the complex is located "just a few short blocks from Temple Universities [sic] main campus."

41.     When the apartment units were listed for rent, Defendants claimed the units were "perfect to host guests," but Defendants have since removed this line from the property listing.

42.     When Plaintiffs, Isabella Alba, Morgan Black, Nina Carsello, Autumn Dinenna, Helen Tormollan, and Myla Vetterlein showed interest in the apartments at Defendants' property, Defendants represented to Plaintiffs that the units and the property were safe and secure.

### B.  THE WINDOWS

43.     The paragraphs and allegations set forth above are fully incorporated by reference as though fully set forth herein.

Case ID: 230501890

44.     The kitchen windows to Unit D on Defendants' property are sliding windows which are opened by sliding the windowpanes from one side to the other.

45.     The kitchen windows to Unit D are near floor-to-ceiling windows.

46.     The kitchen windows to Unit D slide open easily.

47.     The kitchen windows to Unit D are approximately 5 to 6 feet tall.

48.     Prior to and on November 11, 2022, the sliding windows to Unit D did not have functioning locks.

49.     Prior to and on November 11, 2022, anyone could slide the windowpanes open and enter Unit D from the outside.

**C.  THE GATE**

50.     The paragraphs and allegations set forth above are fully incorporated by reference as though fully set forth herein.

51.     When Plaintiffs, Isabella, Morgan, Nina, Autumn, Helen, and Myla showed interest in the apartments at Defendants' property, Defendants made the exterior gate a selling point of the property.

52.     Based on Defendants' representations about the gate, Plaintiffs reasonably anticipated that the property was safe and secure.

53.     The exterior gate was constructed to have a keypad lock, to be opened by inputting a unique access code into a numerical pad.

54.     The purpose of the gate and its keypad lock was to provide an assurance that only tenants, and their invited guests, gained ingress.

55.     Defendants undertook a duty to supply tenants and their invited guests with a functional, locked exterior gate.

9

Case ID: 230501890

56.     When Plaintiffs, Isabella, Morgan, Nina, Autumn, Helen, and Myla moved-in to Defendants' property on August 15, 2021, the gate was broken and did not lock.

57.     When Plaintiffs, Isabella, Morgan, Nina, Autumn, Helen, and Myla moved-in to Defendants' property, the keypad lock was already inoperative.

58.     When Plaintiffs, Isabella, Morgan, Nina, Autumn, Helen, and Myla moved-in to Defendants' property, the gate could be opened by anyone without inputting any access code into the keypad.

59.     On August 15, 2021, Plaintiffs, Isabella, Morgan, Nina, Autumn, Helen, and Myla notified management that the gate and keypad lock were not functioning and appeared broken.

60.     From that point forward, for almost a year-and-a-half of Plaintiffs' occupancy, the gate was inoperative more often than it was functional.

61.     From that point forward, for almost a year-and-a-half of Plaintiffs' occupancy, the keypad lock was inoperative more often than it was functional.

62.     For almost a year-and-a-half, the gate could easily be accessed by anyone from the street without an access code by simply pulling the handle and walking in.

63.     The problems with the gate persisted despite requests that repairs be made to the gate.

64.     Defendants provided assurances that they would repair the gate, but ultimately failed to do so.

65.     The broken gate, poorly lit alleyway, and unlocked kitchen window which can be easily opened from the outside created the perfect opportunity for intruders and trespassers to access the apartment units therein.

66.     Despite the obviously defective and unsafe conditions on the property and tenants

Case ID: 230501890

regarding unsafe conditions prior to November 11, 2022, all Defendants failed to make repairs and uphold their duty to supply their tenants and their invited guests with reasonable safety measures, such as a functional gate, functional locks on windows, and adequate lighting in their alleyway.

### D.  THE HOME INVASION

67.    The paragraphs and allegations set forth above are fully incorporated by reference as though fully set forth herein.

68.    In the early morning hours of November 11, 2022, two masked intruders entered through the broken gate at the premises of 1330 North 15th Street, and proceeded to enter Unit D, where eleven Temple University students slept: Isabella Alba, Morgan Black, Nina Carsello, Autumn Dinenna, Dylan Giandonato, Kaelin Iwugo, Emma Janosczyk, Josie Lemon, Jake Ridall, Helen Tormollan, and Myla Vetterlein.

69.    The intruders held the eleven Plaintiffs hostage at gun and knife point for over an hour and a half while they demanded money, cell phones, debit and credit cards, laptops, and car keys.

70.    The intruders demanded that Plaintiffs turn over any drugs in the home. Plaintiffs stated that there were no drugs.

71.    The armed assailants began in the basement bedrooms of Unit D, where Plaintiffs Autumn, Dylan, Helen, and Kaelin were sleeping.

72.     Plaintiff, Helen Tormollan, was abruptly roused out of her sleep to the sound of her bedroom door creaking open and the lights flickering on suddenly.

73.    The first thing Helen saw when she opened her eyes was two strange men dressed in dark clothing and ski masks, invading the privacy of her bedroom, and heading towards her with a gun.

Case ID: 230501890

74.     At the same time, Plaintiff, Kaelin Iwugo, who was sleeping next to Helen, opened his eyes to find a gun pointed right at him.

75.     The intruders ordered Helen and Kaelin to turn over their cell phones, to which Helen and Kaelin complied.

76.     Meanwhile, one of the armed intruders proceeded to walk across the hall to the other basement bedroom, where Plaintiffs Autumn Dinenna and Dylan Giandonato slept.

77.     Autumn was awoken suddenly to find a man in a ski mask standing in her bedroom, pointing a gun at her. Her boyfriend, Dylan, lay asleep beside her.

78.     Likewise, Dylan was suddenly roused out of his sleep to find a gun pointed right at him.

79.     At gunpoint, Dylan was ordered to get down onto the floor and lay face down. Dylan complied.

80.     The armed intruder marshalled Helen and Kaelin into Autumn's bedroom. They entered to find Autumn, distraught on her bed, wearing only a sweatshirt, and Dylan, who was naked, lying face down on the floor.

81.     The armed intruders ordered Helen to get on the bed with Autumn.

82.     The armed intruders ordered Kaelin to tie up Dylan.

83.     Kaelin was forced at gunpoint to tie Dylan's legs together with phone and laptop charger cords. The intruder repeatedly instructed Kaelin to "tie the cords tighter. Tighter. Tighter."

84.     Thereafter, the armed intruders ordered Kaelin to lay on the ground facedown, while one of the intruders bound his legs together with phone and laptop cords.

85.     When the armed intruders finished restraining Dylan and Kaelin, one of the intruders grabbed Autumn and led her upstairs, gripping her tightly by the back of her sweatshirt.

12

Case ID: 230501890

86.     Dylan feared for his girlfriend's life and her safety as the intruder led her out of the room.

87.     The intruder led Autumn upstairs to the kitchen, grabbed a kitchen knife, and held it to Autumn's back.

88.     The intruder then held the tip of the knife to Autumn's back and ushered her upstairs to corral the rest of the Unit D occupants.

89.     The intruder first collected Plaintiffs, Emma Janosczyk and Josie Lemon, who were asleep in the common living area on the second floor.

90.     Emma awoke suddenly to see a strange man wearing a ski mask and sunglasses standing over her. He was holding a knife to one of her best friends, Autumn.

91.     Josie opened her eyes to a man wearing a pair of sunglasses, and saw that her friend Autumn was upset, and her face was all twisted and distraught.

92.     The armed intruder took Emma's phone and ordered her to line up.

93.     The armed intruder took Josie's phone and ordered her to line up.

94.     In a single file line, Emma, Josie, and Autumn were marshalled downstairs to the basement by the intruder with a knife.

95.     Emma and Josie entered the basement to find a gun pointed at their faces, at which time, they realized there was a second armed intruder. They saw Kaelin face-down on the floor in just his boxers, tied-up, and Dylan face-down on the floor naked and tied-up.

96.     Emma noticed that her closest friend, Helen, was in a panic, and could see on her face that she was going to be sick.

97.     The female victims feared being forced to strip and feared sexual assault.

98.     The armed intruders ordered, "Alright ladies, on the bed." Josie and Emma joined

13

Case ID: 230501890

Helen on the bed while the knife wielding intruder brought Autumn back upstairs to repeat the process.

99.     The intruder held the tip of the knife to Autumn's back and again led her upstairs to the third floor where Plaintiffs, Isabella Alba and Nina Carsello slept.

100.    Nina awoke in a panic to see a man in a ski mask and sunglasses in her room, who was holding one of her best friends, Autumn, at knifepoint. Nina handed over her phone and said, "Take anything you want."

101.    Next, the armed intruder brought Autumn into Isabella's room, where Isabella lay asleep, naked.

102.    Isabella awoke in a panic to find a man in a ski mask standing over her. She pleaded to put clothes on, but the intruder denied her. Before being ordered out of the bedroom by the intruder, Isabella grabbed a blanket and wrapped it around herself.

103.    Again, the armed intruder led Isabella, Nina, and Autumn downstairs to the basement at knifepoint, where they found their friends tied up and unclothed. The intruder again ordered, "All girls on the bed."

104.    The armed intruder once more brought Autumn upstairs, at knifepoint, to the top floor bedrooms, where Plaintiffs Myla Vetterlein, Morgan Black, and Jake Ridall slept.

105.    The armed intruder first brought Autumn into a room where Morgan, and her boyfriend, Jake, were asleep.

106.    The armed intruder instructed Autumn to wake Morgan and Jake.

107.    When Morgan and Jake first awoke, they saw Autumn standing over her. Autumn broke down, sobbing, and said, "Get up, we're getting robbed."

108.    Morgan then saw a man in all black, wearing a ski mask, appear from behind

14

Case ID: 230501890

Autumn with a knife. Morgan panicked and tried not to look at the man or the knife. She started sobbing.

109.    Morgan, who was not fully clothed, was ordered to get out of bed, hand over her phone, and line up.

110.    Jake awoke suddenly out of his sleep to find Autumn and the intruder standing in his girlfriend's room. Jake, confused and afraid for himself and for his girlfriend, complied with the intruder's orders to turn over his cell phone and to line up.

111.    The armed intruder next went into Myla's room.

112.    Myla awoke suddenly in a panic to see a man in a ski mask standing in her bedroom with a knife. He said, "I want you to know I'm here for a reason."

113.    Repeating the process, the armed intruder forced Myla, Morgan, Jake, and Autumn downstairs to the basement.

114.    Myla, Morgan, and Jake entered the basement to find five of their best friends huddled, shaking, and crying on Autumn's bed, and two more, Dylan and Kaelin, unclothed and tied up, face-down on the ground.

115.    The armed intruders ordered Myla and Morgan onto the bed and ordered Jake to lay face down on the ground next to Dylan and Kaelin.

116.    At this point, all eleven Plaintiffs and the two armed intruders were crowded in Autumn's 10x10 basement bedroom.

117.    After collecting all cell phones, the armed intruders then communicated that all Plaintiffs were to log out of the iCloud accounts on their cell phones.

118.    The armed intruders ordered each young woman to the front of the room, one-by-one. One intruder stood over their shoulder and pointed the gun at the nape of their necks and

Case ID: 230501890

monitored as they logged out of their accounts.

119.    Throughout this long process, the armed intruders invoked more fear into their victims by threatening them, and mocking their fear.

120.    The armed assailants cursed and screamed at the girls for crying.

121.    The more that Plaintiffs would cry, the angrier the armed intruders became.

122.    The armed intruders mocked Dylan for being naked and shivering cold on the floor.

123.    The armed intruders threatened violence and made threats to kill Plaintiffs if they misbehaved.

124.    The armed intruders laughed at Plaintiffs and called the female Plaintiffs, "baby girl."

125.    The armed intruders appeared to derive pleasure out of humiliating and terrorizing Plaintiffs.

126.    Various Plaintiffs suffered panic attacks as they waited for their turn to log out of their accounts in the bathroom with the armed intruder, and felt as if they were going to throw up.

127.    Morgan pleaded to throw up in the bathroom, but the intruders denied her.

128.    Other Plaintiffs went into shock and disassociated to avoid falling into a panic attack, because they knew it made the armed intruders angrier.

129.    When Kaelin could not log out the accounts on his cell phone, the armed intruders became increasingly angry. With every failed attempt, the intruder would lower the gun closer to Kaelin's head, screaming, "You have one more chance, or else it's game over."

130.    Plaintiffs thought Kaelin was going to be killed in front of them.

131.    Kaelin also thought he was going to die, as the gun was pointed at his head and he was just a trigger-pull away from death.

Case ID: 230501890

132.    When Kaelin failed once more, the armed intruder, irate and frenzied, snatched the phone out of Kaelin's hand and smashed it on the ground next to his face, then threw it against the walls, and again against the floor.

133.    Once the armed intruders had finished with the phones, they ransacked the apartment. One intruder held Plaintiffs at gunpoint in the bedroom while the other intruder scoured the home for car keys, wallets, debit and credit cards, cash, laptops, purses, and other possessions.

134.    With their newly found debit cards, the armed intruders again repeated the process, calling each female Plaintiff into the bathroom, one-by-one, at gunpoint, to write down the PIN for their debit cards and the amount of money in each account.

135.    The armed intruders threatened violence against the Plaintiffs if they provided incorrect information.

136.    With their newly found laptops, the armed intruders again repeated the process, calling each female Plaintiff into the bathroom one-by-one, at gunpoint, to log out of the iCloud accounts on their laptops.

137.    Once the armed intruders realized it was getting light outside, the two men abandoned the laptops, nodded at each other, and finally, they left the room.

138.    The armed intruders took with them Plaintiffs' debit and credit cards, cell phones, cash, sunglasses, purses, wallets, and the keys to a 2015 Lincoln MKZ, which the intruders used as their getaway car.

139.    Before the armed intruders left, they ordered, "Stay f*cking still."

140.    The armed intruders tied the basement door to prevent the Plaintiffs' escape.

141.    Plaintiffs, locked in the basement and afraid to move, sat silently until they heard the shuffling upstairs cease.

Case ID: 230501890

142.   When the intruders had finally left, the Plaintiffs experienced mental, emotional, and psychological breakdowns.

143.   Plaintiffs were eventually able to contact a friend on a laptop, and the friend contacted the police.

144.   In total, the armed intruders were inside the property and held Plaintiffs hostage for approximately an hour and a half.

145.   Prior to this home invasion robbery, Defendants were aware that the gate to their property was not functional yet failed to repair the gate, instead allowing the gate to remain in disrepair.

146.   As a direct and proximate result of the negligence of all Defendants, jointly and severally, and their agents, servants and/or employees who were responsible for providing property management services, leasing services, development services, and/or repair services on or before November 11, 2022, Plaintiffs suffered injuries and will in the future suffer injuries including the following:

    a)  anxiety;

    b)  panic attacks;

    c)  humiliation;

    d)  extreme fear;

    e)  shock;

    f)  depression;

    g)  shame;

    h)  guilt;

    i)  anger;

Case ID: 230501890

j)   nightmares;

k)   flashbacks;

l)   sleep disturbances;

m)  hypervigilance;

n)   inability to concentrate;

o)   pain and suffering;

p)   mental anguish;

q)   loss of enjoyment of life's pleasures; and

r)   emotional and psychological trauma.

**COUNT I**
**NEGLIGENCE**
**Plaintiffs v. All Defendants**

147.   The paragraphs and allegations set forth above are fully incorporated by reference as though fully set forth herein.

148.   The negligence of the Defendants individually and through their agents consisted of one or more of the following:

a)   failing to exercise reasonable care to ensure that the security measures Defendants offered to tenants and guests were properly performed;

b)   failing to provide reasonable and adequate security measures for the premises;

c)   failing to exercise reasonable care in ownership of the property, specifically in providing and maintaining a functional, locked exterior gate;

d)   failing to exercise reasonable care in management of the premises, specifically in providing and maintaining a functional, locked exterior gate;

e)   failing to exercise reasonable care in operating the premises, specifically in providing and maintaining a functional, locked exterior gate;

19

Case ID: 230501890

f)  failing to exercise reasonable care in leasing the premises, specifically in providing and maintaining a functional, locked exterior gate;

g)  failing to exercise reasonable care in construction of the property, specifically in providing a functional, locked exterior gate;

h)  refusing to correct a known and verifiable defect in security;

i)  failure to have sufficient lighting on the premises;

j)  failure to implement functional locks on the windows;

k)  failure to provide a reasonably safe premises for Plaintiffs;

l)  failure to provide appropriate and sufficient repairs to the exterior gate to ensure the safety of Plaintiffs and persons similarly situated;

m)  failure to hire adequate property management;

n)  failure to properly train property management;

o)  failure to hire adequate repair personnel;

p)  failure to provide appropriate security measures;

q)  failure to promptly and effectively respond to requests for repair;

r)  failure to have in place policies and procedures which could have been followed and which would have ensured that repairs were promptly and adequately addressed and completed;

s)  negligent selection and/or monitoring of independent contractors who provided repair services;

t)  failure to inspect the property to determine the existence of dangerous conditions such as the lack of a functional, locked exterior gate;

u)  failure to inspect the property to determine the existence of dangerous conditions such as the lack of functional locks on windows; and

v)  failure to inspect the property to determine the existence of dangerous conditions such as the lack of lighting in the alleyway.

149.   The combined negligence of the Defendants and their respective agents and employees, as set forth above, placed Plaintiffs at an increased risk of harm and/or was a factual

Case ID: 230501890

cause and/or substantial cause and did directly and proximately cause the severe, permanent, and grievous personal injuries and damages previously described herein.

      **WHEREFORE**, Plaintiffs demand damages against all Defendants, jointly and severally, for sums in an amount in excess of local prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs.

Respectfully Submitted,

**KLINE & SPECTER, PC**

By: _____
THOMAS R. KLINE, ESQUIRE
LORRAINE DONNELY, ESQUIRE
GRACE C. GRIMES, ESQUIRE

*Attorneys for Plaintiff*

Date: May 17, 2023

21

Case ID: 230501890

## **VERIFICATION**

I, Isabella Alba, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.


_____05/04/2023_____

DATE


_Isabella Alba_____

ISABELLA ALBA


Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## <u>VERIFICATION</u>

I, Morgan Black, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_05/04/2023_
DATE

_Morgan Black_
MORGAN BLACK

The signed document can be validated at https://app.vinesign.com/Verify

## VERIFICATION

I, Nina Carsello, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_____05/04/2023_____

DATE

_____

NINA CARSELLO

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## VERIFICATION

I, Autumn Dinenna, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_____05/04/2023_____

DATE

AUTUMN DINENNA

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## VERIFICATION

I, Dylan Giandonato, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_____05/04/2023_____

DATE

_____

DYLAN GIANDONATO

The signed document can be validated at https://app.vinesign.com/Verify

## **VERIFICATION**

I, Kaelin Iwugo, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

____05/04/2023____

DATE

_____

KAELIN IWUGO

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## VERIFICATION

I, Emma Janosczyk, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_____05/04/2023_____

DATE

_____

EMMA JANOSCZYK

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## **<u>VERIFICATION</u>**

I, Josie Lemon, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

05/04/2023
_____
DATE

_Josie Lemon_
_____
JOSIE LEMON

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## **VERIFICATION**

I, Jake Ridall, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

05/04/2023

DATE

JAKE RIDALL

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## **VERIFICATION**

I, Helen Tormollan, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

_05/04/2023_

DATE

HELEN TORMOLLAN

Case ID: 230501890

The signed document can be validated at https://app.vinesign.com/Verify

## <u>VERIFICATION</u>

I, Myla Vetterlein, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

___05/05/2023___

DATE

MYLA VETTERLEIN