# EXHIBIT 6



Affiliated with: The Cincinnati Indemnity Company
The Cincinnati Casualty Company ▪ The Cincinnati Life Insurance Company

A subsidiary of The Cincinnati Insurance Company

**John Lucas**
Associate Manager CSU

July 17, 2023

**Via Certified Mail, RRR and First-Class Mail**
15th Street Lighthouse LP
1955 North 18th Street
Philadelphia, Pa. 19121

**Via Certified Mail, RRR and First-Class Mail**
CTW International Holding, LLC
1955 North 18th Street
Philadelphia, Pa. 19121

      Re:    *Alba, et al. v. 15th Street Lighthouse, L.P., et al.*, Court of Common Pleas of Philadelphia County, PA, May 2023 Term No. 01890
              Named Insured:  RM Development Partners
              Claim No.: 4132146
              Policy No.: CSU0170364

Dear Sir or Madam:

      This letter is on behalf of The Cincinnati Insurance Specialty Underwriters Insurance Company ("Cincinnati") concerning the action captioned, *Isabella Alba, et al. vs. 15th Street Lighthouse L.P., et al.*, which is currently pending in the Court of Common Pleas of Philadelphia County, May 2023, No. 01890, (the "Underlying Action"). The Cincinnati Policy issued to RM Development Partners ("RM") was issued by Cincinnati, a non-admitted carrier, however, as an employee of The Cincinnati Insurance Company I am authorized to handle your claim.

      We again write to you as the persons responsible for receiving coverage-related communications on behalf of 15th Street and CTW International. **If you are not so authorized, please let me know and provide the name and contact information for the appropriate person.**

      We write to further advise you as to Cincinnati's current coverage position with respect to the Underlying Action and above-captioned claim. In doing so, we incorporate our previous letter to 15th Street Lighthouse LP ("15th Street") and CTW International Holding, LLC ("CTW International") as if fully set forth herein. However, as discussed in greater detail in this letter, based upon new information brought to our attention since sending that letter, we write to offer a defense to CTW International subject to a full and complete reservation of rights.

**Mailing Address:** P.O. Box 145496 • Cincinnati, Ohio 45250-5496 ▪ **Headquarters:** 6200 S. Gilmore Road • Fairfield, Ohio 45014-5141
John_lucas@CinFin.com ▪ 513-870-2045

25915460v1

Cincinnati issued an insurance policy to first named insured, RM Development Partners ("RM"), providing certain commercial general liability coverage, and bearing policy number CSU0170364, for the period effective June 15, 2022 to June 15, 2023 and later cancelled effective November 15, 2022 (the "Cincinnati Policy").  As such, on behalf of Cincinnati, this letter addresses the coverage obligations, if any, under the Cincinnati Policy owed to 15th Street and/or CTW International in connection with the Underlying Action.

Please be advised that despite Cincinnati's belief that it does not owe any coverage to 15th Street or CTW for the Underlying Action and Contractual Tender, at this time, **Cincinnati offers to provide a defense to both 15th Street and CTW International in the Underlying Action, subject to a complete reservation of rights** as set forth in detail below and in our June 28, 2023 letter – including but not limited to the right to deny coverage, withdraw from the defense, seek reimbursement of all defense costs as permitted by the below described Pennsylvania Defense Cost endorsement, and/or file a declaratory judgment action seeking a determination that Cincinnati has not duty to defend or indemnify, may withdraw from the defense of 15th Street and/or CTW International, and may obtain reimbursement of all defense costs incurred or paid by Cincinnati in connection with the Underlying Action.

Unless you reject this offer to defend, Cincinnati has retained the following defense counsel to represent and protect the interests of 15th Street and CTW International in the Underlying Action:

>Michelle Coburn, Esq.
>WHITE AND WILLIAMS LLP
>3701 Corporate Pkwy, Ste. 300
>Center Valley, PA 18034
>215-864-7000

If she has not already, defense counsel shown above will contact 15th Street and CTW International in the near future.  Should 15th Street and CTW International accept Cincinnati's offer to defend, we request that it provide the assigned defense counsel with their full cooperation.  Please feel free to contact defense counsel directly with any questions.

In addition to the counsel assigned by Cincinnati, 15th Street and CTW International are entitled to retain their own counsel, at their own expense, to work with assigned defense counsel, for the purpose of protecting against any liability that may not be covered by the Cincinnati Policy (including any uncovered damages or liability in excess of the Cincinnati Policy limits).

Cincinnati's defense of 15th Street and CTW International in the Underlying Action is subject to a full and complete reservation of all of Cincinnati's rights and defenses, including the right to deny or limit coverage (both defense and indemnity) to 15th Street and CTW International under the Cincinnati Policy (and any other applicable policy) with respect to the claims and damages alleged in the Underlying Action.  Among other things, Cincinnati reserves the right to file a declaratory judgment action, or other claim, seeking declaratory relief in order to obtain a declaration of the rights and obligations, if any, of Cincinnati under the Cincinnati Policy.  Cincinnati reserves the right to withdraw its defense upon a determination that it does not owe 15th Street and CTW International a duty to defend, as well as the right to seek reimbursement from 15th Street and CTW International or any other insured of any defense costs incurred or paid in connection with the defense of the Underlying Action.  Also, should the Underlying Action proceed to trial, it may be necessary to seek an allocated decision/verdict through the use of a special verdict sheet to identify what portion of the verdict (and resulting judgment), if any, is allocable to damages that are not covered by the Cincinnati Policy.  In

addition, special interrogatories may be necessary to resolve factual issues that affect the availability of coverage under the Cincinnati Policy. Cincinnati reserves all rights in connection with pursuing a special verdict sheet, special interrogatories, and/or other proceedings to achieve these objectives.

Please refer to Cincinnati's June 28, 2023 letter for a discussion of Cincinnati's reservation of rights as it pertains to 15th Street and a discussion of the factual background concerning the Underlying Action and Contractual Tender. Given the above-referenced new information concerning CTW International, a discussion of Cincinnati's reservation of rights as it pertains to CTW International proceeds below. If you have any questions or believe this discussion to be incomplete or incorrect, please let me know as soon as possible. Similarly, if you disagree with any statements set forth below, or have any additional information or material that you would like Cincinnati to consider, please let me know.

Additionally, Cincinnati continues to investigate the Underlying Action, and requests your assistance in gathering additional information in order to comprehensively evaluate this claim. To this end, **we have included in bold and underline below certain questions related to our ongoing investigation, and request that you provide a response to the same as soon as possible.**

## I.     THE CINCINNATI POLICY

The Cincinnati Specialty Underwriters Insurance Company issued a commercial general liability policy (the "Cincinnati Policy") to its first named insured, RM Development Partners, bearing policy number CSU0170364. The Policy initially was effective for the period June 15, 2022 to June 15, 2023; however, the Policy was cancelled effective November 15, 2022. The Cincinnati Policy provides certain coverage subject to a $1,000,000 each occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products completed operations aggregate limit. Coverage is also subject to a $2,500.00 per occurrence deductible applicable to bodily injury liability and/or property damage liability combined. Defense costs and expenses are subject to the deductible.

## II.    COVERAGE DETERMINATION

### A.     Who Is An Insured

The Cincinnati Policy was issued to first named insured, RM Development Partners. RM, however, is not a party to the Underlying Action.

#### 1.     CTW International Holding, LLC

Defendant CTW International is not expressly listed in the Cincinnati Policy as an insured. The Policy's named insured endorsement lists several other CTW entities as named insureds. But the particular CTW entity sued is not one of them.

Previously, Cincinnati denied coverage to CTW International on the ground that it is not a named insured or otherwise expressly identified insured to the Cincinnati Policy. However**, at this time, Cincinnati offers a defense to CTW International (subject to a full reservation of rights) as it has been brought to Cincinnati's attention that CTW International is a general partner in 15th Street Lighthouse LP.**

As such, at this point in time, Cincinnati offers CTW International a defense pursuant to the following provision – while reserving all rights to investigate this issue further and to deny coverage (and obtain reimbursement):

SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

* * * *

      b.      A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

Please be advised that if it is determined that 15th Street Lighthouse LP is not a named insured under the Policy, CTW International also may not qualify as an insured under the Policy. Please be further advised that even if 15th Street is an insured under the Policy, CTW International's status as an insured is limited to the conduct of 15th Street's business – to the extent that the Underlying Action does not contain allegations against CTW International for liability concerning 15th Street's business, CTW International are not an insured under the Policy.

Cincinnati reserves the right to deny coverage to the extent that CTW International is not an insured to the Policy.

B.      **Coverage A – Bodily Injury And Property Damage Liability**

The Cincinnati Policy provides certain coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. Cincinnati has the right and duty to defend the insured against any "suit" seeking those damages. However, Cincinnati does not have a duty to defend against any suit seeking damages to which the insurance does not apply.

The Insuring Agreement to Coverage A, as amended by the LIMITATION OF COVERAGE TO DESIGNATED PREMISES endorsement, provides in part:

      b.      This insurance applies to "bodily injury" and "property damage" only if:

            (1) "bodily injury" or "property damage" is caused by an "occurrence" that takes place at the premises designated in the CSGA403 Commercial General Liability Premises Schedule.

            (2) The "bodily injury" or "property damage" occurs during the policy period; and

The Cincinnati Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from, any of these at any time."

The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions".

The Policy defines "property damage" as:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

Assuming that CTW International is an insured, Cincinnati recognizes that the Underlying Action potentially alleges injury and/or damage that fall within the Insuring Agreement.  That, however, does not mean that Cincinnati owes any coverage. **One or more of the exclusions discussed below appear to preclude any coverage for the Underlying Action.**  Nonetheless, at this point in time, **Cincinnati offers to defend CTW International – subject to this reservation of rights**.

Cincinnati also reserves the right to deny coverage for any damages sought or obtained by the Plaintiffs that are not because of "bodily injury" or "property damage" as defined in the Policy.  Much, if not all, of what Plaintiffs seek is for emotional distress type damages.  Cincinnati reserves the right to deny coverage to the extent that any such damages do not constitute "bodily injury" as defined in the Policy.  Similarly, while the Plaintiffs allege that certain of their tangible property was stolen, Cincinnati reserves the right to deny coverage to the extent that any such damages do not constitute "property damage" as defined in the Policy.  For instance, to the extent that Plaintiffs' electronic devices were taken, electronic data contained therein is not tangible property and does not constitute "property damage".

### C.   Assault Or Battery Exclusion Endorsement

Cincinnati reserves all rights to deny coverage based on the Policy's Assault or Battery exclusion endorsement (form CSGA 301 02 21).  That exclusion provides:

A. The following exclusion is added to Paragraph 2., Exclusions of SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY and Paragraph 2., Exclusions of SECTION I - COVERAGES, COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY:

**Assault Or Battery**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" that in anyway, in whole or in part, arises out of an actual, threatened or alleged:

1. Assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person;

   2. Failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or

   3. Failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or failure to warn of the dangers of the environment that could contribute to assault or battery; or

   4. Failure to render or secure medical treatment or care necessitated by any assault or battery; or

   5. Negligent investigation or reporting or failure to report any assault or battery to proper authorities; or

   6. Negligent:

      a. Employment;

      b. Supervision;

      c. Training;

      d. Retention;

      of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the Assault Or Battery exclusion above.

B. For the purpose of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault.

C. Exclusion 2.a. of SECTION I -COVERAGES, COVERAGE A -BODILY INJURY AND PROPERTY DAMAGE LIABILITY is deleted in its entirety and replaced by the following:

   2. a. Expected Or Intended Injury

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**As previously stated in its June 28, 2023 letter, Cincinnati believes that this exclusion bars all coverage – including a defense and indemnity – for the Underlying Action and the Contractual Tender.** The exclusion is broadly worded – to apply not only to actual assault or battery but also to "alleged" assault or battery. The exclusion also is not limited only to those damages proximately or solely caused by an assault or battery but also to injury that "in any way, in whole or in part, arises out of" assault or battery (or the other items listed in subparts 1.- 6. of the exclusion). In Pennsylvania, the phrase "arising out of" has been construed broadly, even when used in a policy exclusion, to mean "but for" causation. As such, here, if the Plaintiffs would not have been injured but for the things listed in subparts 1.- 6. of the exclusion, then the exclusion applies. The exclusion also is not limited to assault or battery by an insured but also applies to assault or battery caused by "any other person", which would include, here, the two assailants. And, the exclusion is not limited to only assault or battery, but also includes the other things described in subparts 1.- 6. – which include the types of things expressly alleged in the Underlying Action, such as the failure of "any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery" and the "failure to provide an

environment safe from assault or battery, including but not limited to the failure to provide adequate security … ." The Complaint alleges these very failures. In paragraph 148 of their Complaint, the Plaintiffs aver that:

> 148. The negligence of the Defendants individually and through their agents consisted of one or more of the following:
>
> a) failing to exercise reasonable care to ensure that the security measures Defendants offered to tenants and guests were properly performed;
>
> b) failing to provide reasonable and adequate security measures for the premises;
>
> c) failing to exercise reasonable care in ownership of the property, specifically in providing and maintaining a functional, locked exterior gate;
>
> d) failing to exercise reasonable care in management of the premises, specifically in providing and maintaining a functional, locked exterior gate;
>
> e) failing to exercise reasonable care in operating the premises, specifically in providing and maintaining a functional, locked exterior gate;
>
> f) failing to exercise reasonable care in leasing the premises, specifically in providing and maintaining a functional, locked exterior gate;
>
> g) failing to exercise reasonable care in construction of the property, specifically in providing a functional, locked exterior gate;
>
> h) refusing to correct a known and verifiable defect in security;
>
> i) failure to have sufficient lighting on the premises;
>
> j) failure to implement functional locks on the windows;
>
> k) failure to provide a reasonably safe premises for Plaintiffs;
>
> l) failure to provide appropriate and sufficient repairs to the exterior gate to ensure the safety of Plaintiffs and persons similarly situated;
>
> m) failure to hire adequate property management;
>
> n) failure to properly train property management;
>
> o) failure to hire adequate repair personnel;
>
> p) failure to provide appropriate security measures;
>
> q) failure to promptly and effectively respond to requests for repair;
>
> r) failure to have in place policies and procedures which could have been followed and which would have ensured that repairs were promptly and adequately addressed and completed;

s) negligent selection and/or monitoring of independent contractors who provided repair services;

t) failure to inspect the property to determine the existence of dangerous conditions such as the lack of a functional, locked exterior gate;

u) failure to inspect the property to determine the existence of dangerous conditions such as the lack of functional locks on windows; and

v) failure to inspect the property to determine the existence of dangerous conditions such as the lack of lighting in the alleyway.

Cincinnati believes that any damages caused by the foregoing alleged negligence (as well as the amounts sought via the Contractual Tender) are excluded by the Assault or Battery Exclusion. But for (a) the assault or battery caused by the assailants, (b) the alleged failure of Defendants to prevent the assault or battery; and (c) the alleged failure of the Defendants to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, the Plaintiffs would not have suffered at least some, if not all, of their alleged injuries/damages. As such, Cincinnati reserves all rights to deny coverage, including a defense, based on this exclusion.

### D.  **Defense Cost Reimbursement Endorsement**

The Cincinnati policy also contains a Pennsylvania Changes - Defense Cost endorsement (form IL 01 20 10 13) which provides in part:

A. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

Cincinnati reserves the right to seek reimbursement of defense costs from CTW International and any other insured to the extent provided by this endorsement. As explained in this letter, Cincinnati reserves its right to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

### E.  **Contractual Liability Exclusion**

Both the Coverage A and Coverage B coverage parts to the Cincinnati Policy contain a Contractual Liability exclusion, providing that coverage does not apply to bodily injury, property damage, or personal or advertising injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement – unless the insured would be liable in the absence of the contract or agreement, or the insured assumed liability in an "insured contract" as defined in the Policy.

To the extent any entity seeks contractual defense and indemnity from CTW International relating to the Underlying Action, Cincinnati reserves the right to deny coverage to CTW International

to the extent that the liability at issue was not assumed in an "insured contract" (as CTW International may not be an insured on the Policy and thus the contract is not an "insured contract").

    **F.**    **Punitive Or Exemplary Damages Exclusion**

The Cincinnati Policy contains a Punitive Or Exemplary Damages Exclusion, contained on page 3 of the Changes To Commercial General Liability Coverage Form endorsement (form CSGA 401 02 13). That exclusion, which applies to both Coverage A and Coverage B states that the insurance does not apply to:

> B. Any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

Cincinnati reserves the right to deny coverage for any damages preclude by this exclusion.

    **G.**    **Habitational Exclusion**

The Cincinnati Policy also contains a Habitational Exclusion endorsement (form CSGA 362 06 08), which provides that the coverage does not apply to bodily injury, property damage, or personal advertising injury caused by or arising out of, among other things, any actual or alleged violation of any building code, ordinance or statute.

Cincinnati reserves the right to deny coverage based on this exclusion to the extent that any of the alleged deficiencies with the Premise, such as the defective gate or other issues complained about in the underlying Complaint, are later demonstrated to constitute a violation of any building code, ordinance or statute.

**III.**    **CONCLUSION**

Cincinnati agrees to provide a defense to CTW International in the Underlying Action, subject to a complete reservation of rights. Cincinnati reincorporates its June 28, 2023 letter to 15th Street and CTW International in full, including the reservation of rights set forth therein. Cincinnati reserves the right to deny or limit coverage to the extent that one or more of the Cincinnati Policy exclusions apply to the claims and damages alleged in the Underlying Action and/or Contractual Tender.

The foregoing is not intended as a waiver, modification or alteration of any of the terms, conditions, limitations, endorsements or exclusions of any policy issued by Cincinnati, whether or not identified in this letter. Cincinnati does not waive, and shall not be estopped from asserting, any defenses available under any Cincinnati policy or at law. Any defense, investigation, claims handling, or other conduct by Cincinnati or its employees/agents or attorneys regarding this matter is subject to all the terms, conditions, limitations, endorsements or exclusions of the Cincinnati Policy and/or at law, and is undertaken subject to a full reservation of rights without any further obligation.

The conclusions set forth in this correspondence are based on the information gathered and the investigation undertaken, to date. Such information and investigation will not waive or set aside any of the terms or conditions of the Cincinnati Policy, or policies issued to the named insured, or any other

insured claiming coverage in this matter. Nor will such review and evaluation of information or additional information, or material provided or obtained from any source, waive or set aside any policy conditions or positions taken in this letter or any other correspondence from us on this claim. **If you have not done so previously, please provide notice of the Underlying Action to any other insurers, whether primary, excess or umbrella, who may provide coverage for this matter. We ask that you provide copy of those notices and any responses thereto at your earliest convenience.**

Cincinnati specifically reserves the right to bring an action to declare the obligations and responsibilities, if any, of the parties to the Cincinnati Policy.

If you feel that we are incorrect in our assessment of the coverage issues or if you have questions, comments, or objections regarding the contents of this letter or desire to discuss further the content of this letter or the claim in general, please feel free to contact me.

Very truly yours,

*John Lucas*

John Lucas, AIC
Associate Manager
The Cincinnati Specialty Underwriters Insurance Company

cc:  RM Development Partners
     1541 Ridge Avenue
     Philadelphia, PA 19130

     The Plexis Group, LLC
     21805 W. Field Pkwy, Suite 300
     Deer Park, IL  60010
             Attn: Jonie Gould