IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,** 6200 S. Gilmore Road Fairfield, OH 45014-5141                     **Plaintiff,**       v. **PIP PROPERTY MANAGEMENT, LLC d/b/a Princeton International Properties, Inc.** 1133 E. Columbia Avenue, Suite 101 Philadelphia, PA 19125 **JBMP REAL ESTATE GROUP, LLC d/b/a JBMP GROUP** 1133 E. Columbia Avenue, Suite 101 Philadelphia, PA 19125 **15TH STREET LIGHTHOUSE LP** 1010 Hancock Street Philadelphia, PA 19123 and **CTW INTERNATIONAL HOLDING, LLC** 1330 North 15th Street, Unit D Philadelphia, PA 19121                     **Defendants.** | CIVIL ACTION No. 2:23-cv-03695-KNS |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's January 3, 2024 Notice of Hearing, counsel for the parties conferred and submit the following joint report of their meeting for the Court's consideration:

    **I.**    **Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

> **Anthony L. Miscioscia**, Post & Schell, P.C. – counsel for The Cincinnati Specialty Underwriters Insurance Company ("CSU")

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

> **Jonathan A. Cass**, Cohen, Seglias, Pallas, Greenhall & Furman, P.C. – counsel for 15th Street Lighthouse LP ("15th Street") and CTW International Holding, LLC ("CTW"):

> **Mark B. Goodheart**, The Goodheart Firm, P.C. – counsel for PIP Property Management, LLC d/b/a Princeton International Properties, Inc. ("PIP") and JBMP Real Estate Group, LLC d/b/a JBMP Group("JBMP").  Counsel is expected to be substituted early in this matter and if this occurs prior to the Rule 16 Conference then the Court will be notified.

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

> No.

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

> **Plaintiff**:   John Lucas will be on call for CSU during the conference

> **15th Street/CTW**:  Rickey Biddle will be available to participate in the conference via phone on behalf of 15th Street/CTW.

> **PIP/JBMP**:  Counsel has certain authority from his clients.

Date parties held the Rule 26(f) Conference:  **January 12, 2024**

Please check off all that apply:

[X] Jury Trial Requested        [ ] Non-Jury Trial Requested

[ ] Magistrate referral requested        [ ] Arbitration

**II.       Discussion of Claims, Defenses, Relevant Issues, and Likely Motions**

   a.  **Jurisdiction and Venue**

Basis of jurisdiction:

**Plaintiff** submits that the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00 (exclusive of interests and costs), and the Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201 and under 28 U.S.C. § 1332.

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue?

**15th Street/CTW**: No.

**PIP/JBMP**: No.

   b.  **Claims**

**Plaintiff states**:  This is an insurance coverage dispute.  Plaintiff issued an insurance policy to first named insured, RM Development Partners ("RM"), providing certain commercial general liability coverage for the period effective June 15, 2022 to June 15, 2023 (the "Policy"). Defendants claim to be insureds or additional insureds to the Policy and seek defense and indemnity for an underlying lawsuit captioned <u>Isabella Alba, et al. v. 15th Street Lighthouse LP, et al.</u>, Docket No. 230501890, currently pending in the Philadelphia County Court of Common Pleas (the "Underlying Action").  In the Underlying Action, the underlying plaintiffs ("Claimants") aver that:

> "In the early morning hours of November 11, 2022, two masked intruders entered through a broken gate at the premises of 1330 North 15th Street, Philadelphia, Pennsylvania and proceeded to invade an apartment where eleven Temple University students slept. The eleven young students were held hostage at gunpoint for over an hour and a half. As a result of Defendants' negligent maintenance,

3

>operation, ownership, and construction of the premises, Plaintiffs have suffered and will in the future continue to suffer anxiety attacks, panic attacks, fear, anger, shock, depression, shame, guilt, nightmares, difficulty sleeping, and emotional and psychological injures derived from this horrific experience. The emotional distress will have long lasting implications on Plaintiffs' quality and enjoyment of life."

Plaintiff, CSU, is providing a defense to all four of the Defendants in the Underlying Action, subject to a reservation of rights.

Plaintiff has filed this Action seeking both (a) a declaration that it has no duty to defend or indemnify any of the Defendants, and (b) reimbursement of the costs incurred by Plaintiff to defend Defendants.  Plaintiff's claims are largely based on three questions of law – (1) the applicability of the Policy's Assault or Battery exclusion endorsement (barring coverage for any "bodily injury" that "in any way, in whole or in part, arises out of an actual, threatened or alleged … assault or battery", among other things), (2) the Habitational Exclusion (barring coverage for any "bodily injury" arising out of any actual or alleged violation of any building code, ordinance or statute), and (3) a Pennsylvania -- Defense Cost endorsement (allowing for reimbursement of defense costs).

c. **Relief Requested and Amount in Controversy?**

Plaintiff seeks declaratory relief and reimbursement of defense costs paid in defending the defendants in the Underlying Action.  The amount in controversy in this action exceeds $75,000 (exclusive of interest and costs), as the amount of the Cincinnati Policy limits at issue exceed this amount and Cincinnati's (still ongoing) defense costs for all four defendants also is expected to exceed $75,000.

### d. Defenses

**15th Street/CTW state**:  Under Pennsylvania law, the exclusions relied on by Plaintiff must be narrowly construed in favor of coverage.  The allegations in the Complaint in the Underlying Action are broad enough as to trigger, at the very least, Cincinnati's duty to defend 15th Street/CTW in the Underlying Action.  Once the duty to defense is triggered, CSU's defense obligation continues through trial in the Underlying Action.  Further, CSU will have to rely on special jury interrogatories that are acceptable to the trial court in the Underlying Action to obtain specific factual findings, as determined by the jury in the Underlying Action, relevant to the coverage positions Cincinnati is asserting in this matter.

**PIP/JBMP state**:  Under Pennsylvania law, the exclusions relied on by Plaintiff must be narrowly construed in favor of coverage.  The allegations in the Complaint in the Underlying Action are broad enough as to trigger, at the very least, Cincinnati's duty to defend the named insureds, 15th Street/CTW, in the Underlying Action and in turn the named additional insureds, PIP and JBMP.  Once the duty to defense is triggered, CSU's defense obligation continues through trial in the Underlying Action and accordingly its claim for reimbursement of defense costs is moot.  Further, CSU will have to rely on special jury interrogatories that are acceptable to the trial court in the Underlying Action to obtain specific factual findings, as determined by the jury in the Underlying Action, relevant to the coverage positions Cincinnati is asserting in this matter.

PIP/JBMP also take the position they are owed defense and indemnity from 15th Street/CTW in this action.

### e. Amending Pleadings

Do the parties need a deadline to amend pleadings to add claims or additional parties?

**Plaintiff**: Plaintiff does not, at this time, anticipate a need to amend pleadings to add claims or additional parties.

**15th Street/CTW**: 15th Street/CTW does not, at this time, anticipate a need to amend the pleadings to add claims or additional parties.

**PIP/JBMP**: The pleadings may need to be amended based on PIP/JBMP's position that 15th Street/CTW owes PIP/JBMP defense and indemnity in this coverage action. There is the potential for joint counsel and/or joint defenses in this matter as the issue of defense and indemnity is continuing to be worked out. Accordingly, the answer to the Complaint of 15th Street/CTW and/or PIP/JBMP may need to be amended.

If so, propose the earliest practicable filing date.

**PIP/JBMP**: February 22, 2024

### f. Anticipated Motions

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

**Plaintiff**: Plaintiff anticipates filing a Rule 12(c) Motion for Judgment on the Pleadings and, if that Motion does not resolve all of its claims against the defendants, a Rule 56 Motion for Summary Judgment.

**15th Street/CTW**: 15th Street/CTW may file cross-motions to the anticipated motions filed by Plaintiff.

**PIP/JBMP**: PIP/JBMP may file cross-motions to the anticipated motions filed by Plaintiff.

26832350v1

Proposed timeline for filing dispositive motions:

**Plaintiff**: Plaintiff proposes filing a Motion for Judgment on the Pleadings within 30 days of the Rule 16 Conference and, if claims remain following a ruling on Plaintiff's Motion for Judgment on the Pleadings, Plaintiff proposes filing a Motion for Summary Judgment within 45 days of the close of discovery

**15th Street/CTW**: 15th Street/CTW has no objection to the timing of the motions proposed by Plaintiff.

**PIP/JBMP**: PIP/JBMP have no objection to the timing of the motions proposed by Plaintiff.

### III. Discovery

#### a. Informal Disclosure

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference?

**Plaintiff**: Plaintiff is working towards providing initial disclosures to the defendants in advance of Rule 16 Conference.

**15th Street/CTW**: 15th Street/CTW are working towards providing initial disclosures in advance of Rule 16 Conference.

**JBMP/PIP**: PIP/JBMP do not plan to provide initial disclosures in advance of the Rule 16 Conference in light of the unresolved defense/indemnity issues and the expected substitution of counsel. These will be provided promptly once these issues are resolved.

If not, list what is outstanding, and explain why:

See above re: PIP/JBMP.

26832350v1

Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)?

The parties have not entered into any such agreements.

    b. **Formal Discovery**

**Plaintiff** submits that discovery should be completed within 90 days of the Rule 16 Conference.

If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why:

**15th Street/CTW**: To the extent that Plaintiff does file a motion for judgment on the pleadings, 15th Street/CTW would propose, for the purposes of efficiency and costs savings, that discovery be stayed pending a decision on the motion, in that the decision, depending on the scope of the decision, may negate the need for any discovery or limit the scope of discovery. In addition to the discovery stay, 15th Street/CTW would propose 120 days to complete any necessary paper discovery and depositions once a decision on the motion is rendered.

**JBMP/PIP**: JBMP/PIP join 15th Street/CTW's position on discovery.

Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions?

No, other than, as discussed above 15th Street/CTW and JBMP/PIP have requested that discovery be stayed pending a decision on Plaintiff's anticipated motion for judgment on the pleadings.

If so, please propose deadlines for phases and what will be due at each phase:

N/A

Does either side anticipate the use of experts?

    At this point in time, the parties do not anticipate the use of experts.

If yes, what is the proposed deadline for expert discovery?

    N/A

Do the parties expect that they will need to depose any expert witnesses?

    As the parties do not presently anticipate the use of experts, the parties also do not expect the need to depose expert witnesses.

Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why:

    N/A

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:
- [ ] claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- [ ] limitations on discovery or protective orders needed; and
- [ ] any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

    None at this time.

### IV. Settlement or Early Resolution

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

    The parties to this coverage action are discussing a possible early mediation that would seek a global settlement of not only this coverage action but also the Underlying Action. Whether that occurs depends on the agreement of (a) the underlying Claimants and (b) at least one other insurance company.

26832350v1

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?

Because any such mediation described above would require the participation of underlying Claimants, that mediation could not be addressed with the Magistrate Judge. The parties and claimants from the Underlying Action would look to private mediator.

Is a settlement conference likely to be helpful?

At this point in time, given that any settlement likely would need the involvement of the underlying Claimants, a settlement conference in this Action is not expected to be helpful.

## V. Trial Date

Based upon Plaintiff's position that, should its Motion for Judgment on the Pleadings be denied, there would be three months of discovery followed by summary judgment briefing, **Plaintiff** requests that trial occur within 9 months of the Rule 16 conference.

**Defendants** ask that trial be set within 60 days of a decision on any motions for summary judgment that are filed by the parties.

**VI.     Other Matters**

N/A

Dated:  January 16, 2023                    **POST & SCHELL, P.C.**

By:  */s/   Anthony L. Miscioscia*
ANTHONY L. MISCIOSCIA, ESQ.
PA ID NO. 69215
Three Logan Square
1717 Arch Street, 24th Floor
Phone:  215-587-1170
Facsimile: 215-587-1444
Email: amiscioscia@postschell.com
*Attorneys for Plaintiff The Cincinnati Specialty Underwriters Insurance Company*

**COHEN, SEGLIAS, PALLAS,
  GREENHALL & FURMAN, P.C.**

BY:  _____
JONATHAN A. CASS, ESQUIRE
*Attorneys for Defendants,*
*15th Street Lighthouse LP and CTW International Holding, LLC*
1600 Market Street, 32nd Floor
Philadelphia, PA  19103
Phone:  (215) 564-1700
Email: jcass@cohenseglias.com

**THE GOODHEART FIRM, P.C.**
By:     /s/Mark B. Goodheart_____
Mark B. Goodheart, Esquire
529 South 16th Street, Suite 100
Philadelphia, PA 19146
Phone: (215) 710-0909
Fax: (215) 710-0909
Email: mark@thegoodheartfirm.com
PA ID: 203651
*Attorney for Defendants PIP Property Management, LLC and JBMP Real Estate Group, LLC*

11